IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION (COLUMBUS)

| | |
|---|---|
| HANNAH COTTON<br>181 N. 18TH<br>COLUMBUS, OHIO 43203<br><br>    Plaintiff,<br><br>v.<br><br>OHIO DEPARTMENT OF REHABILITATION<br>AND CORRECTION -<br>LONDON CORRECTIONAL INSTITUTION<br>1580 ST. RT. 56<br>LONDON, OHIO 43140<br><br>    Defendant. | Case No.<br><br>Judge<br><br>Magistrate Judge |

## COMPLAINT

Now comes Plaintiff Hannah Cotton (hereafter "Plaintiff" or "Cotton") and for her Complaint against the Ohio Department of Rehabilitation and Correction - London Correctional Institute (hereafter "Defendant" or "DRC" or "LoCI) states and avers as follows:

**PARTIES**

1. Plaintiff Hannah Cotton is a resident of the State of Ohio.

2. Defendant Ohio Department of Rehabilitation and Correction - London Correctional Institute is located in Madison County, London, Ohio.

**JURISDICTION AND VENUE**

3. Jurisdiction of this Court is invoked pursuant to 42 USC Section 2000e-5(f)(3), 42 USC Section 12101 et seq., and 28 USC Section 1331, as well as this Court's power to assert supplemental jurisdiction of state claims. Plaintiff satisfied all pre-requisites for filing suit, including

00253786-1

but not limited to obtaining a Notice of Suit Rights from the Equal Employment Opportunity Commission. A copy of the "Notice" is attached hereto as Exhibit A.

4. The unlawful discrimination and employment practices alleged below were Committed within the State of Ohio, in the Southern District, Eastern Division of this Federal Court.

5. At all relevant times hereto, Plaintiff worked for Defendant in Madison County, Ohio, which is the county in which the Defendant conducted the activity which gave rise to Plaintiff's claims for relief, and the county in which all or part of Plaintiff's claim arose.

6. At all times pertinent hereto, Defendant was an "Employer" within the meaning of Ohio Revised Code Section 4112.01 and Title VII of the Civil Rights Act of 1964 as amended, 42 USC Section 2000e(d).

**FACTUAL ALLEGATIONS**

7. Plaintiff Hannah Cotton (hereafter "Hannah") hereby incorporates her allegations set forth in Paragraphs 1 through 6 above as if fully rewritten herein.

8. Hannah is a twenty-five year-old female.

9. Hannah began working for Defendant on April 16, 2018.

10. Hannah successfully worked in a correctional officer role for Defendant and received her six-month probationary performance evaluation on September 30, 2018 for the period of April 16, 2018 to October 15, 2018, which indicated her performance was "MET."

11. In December of 2018, Lt. Frye contacted Hannah regarding a set of keys that he could not locate.

12. Lt. Frye sent a male co-worker, Lt. Webb, to search and pat down ("shake down") Hannah in an effort to retrieve the set of keys.

13. Hannah located the keys clipped on her duty belt and turned the keys over to Lt. Webb, who returned them to the Control Center.

14. However, even after turning the keys over, Lt. Webb still patted Hannah down and searched her belongings.

15. At the time Lt. Frye sent Lt. Webb to pat down and search Hannah, there were females available who could have performed this task. However, Lt. Webb ignored this fact and sent a male co-worker to perform the pat down and search of Hannah's person and belongings.

16. On January 11, 2019, Hannah filed a complaint regarding Lt. Frye over the incident.

17. Subsequent to the filing of her complaint, Hannah received a "revised evaluation" for the period of April 16, 2018 to January 18, 2019, which indicated that her performance was "NOT MET".

18. Hannah was terminated from employment on January 18, 2019, the basis cited for which was the revised evaluation.

19. At the time Hannah received her revised evaluation of "NOT MET", there was at least one (1) male co-worker who received an evaluation of "NOT MET," yet this male co-worker was not terminated from employment.

20. There was no legitimate reason for Plaintiff's termination. Defendant terminated Hannah Cotton for illegal and improper reasons. Defendant terminated Hannah Cotton because she was a woman and because she had filed a complaint.

**FIRST CAUSE OF ACTION - Title VII Discrimination Based Upon Sex/Gender**

21. Plaintiff hereby incorporates her allegations set forth in Paragraphs 1 through 20 above as if fully rewritten herein.

22. Defendant discriminated against Plaintiff with respect to the terms, conditions, and

00253786-1

privileges of employment because of her sex. Defendant disciplined Plaintiff for pre-textual reasons because of her sex, all in violation of 42 USC Section 2000e.

23. By disciplining Plaintiff, and otherwise discriminating against her on the basis of her sex, Defendant committed unlawful employment practices within the meaning of 42 USC Section 2000e-2(a) in violation of the Title VII of the Civil Rights Act of 1964, as amended.

24. Plaintiff is a member of a protected class and is qualified for the position of employment with Defendant from which she was unlawfully terminated.

25. Defendant acted with malice and/or with reckless malfeasance to Plaintiff's protected rights, and for such willful conduct, Defendant is liable for punitive damages.

26. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**SECOND CAUSE OF ACTION – TITLE VII RETALIATION**

27. Plaintiff incorporates her allegations set forth in Paragraphs 1 through 26 above as if fully rewritten herein.

28. Plaintiff engaged in activity protected by Title VII.

29. Defendant was aware that Plaintiff had filed a complaint.

30. Subsequent to Plaintiff filing her complaint on January 11, 2019, Defendant issued a "revised evaluation" which indicated Plaintiff's performance was "NOT MET" and then terminated Plaintiff on January 18, 2019.

31. There is a causal connection between the Defendant's activities and the exercise of Plaintiff's protected activity.

00253786-1

32. As a direct and proximate result of Defendant's conduct set forth above, Plaintiff has suffered compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial.

**WHEREFORE,** Plaintiff Hannah Cotton prays for judgment against Defendant Ohio Department Of Rehabilitation and Correction - London Correctional Institution ("LoCI"), on all counts for compensatory and punitive damages, including but not limited to emotional and physical distress, suffering, inconvenience, mental anguish, loss of enjoyment of life, lost wages and income, and other benefits to which she was entitled, an amount to be determined at trial and an award of Plaintiff's costs and reasonable attorney fees incurred relating to this action; ALL TOGETHER WITH such other relief as may be just, necessary and proper.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

00253786-1

## JURY DEMAND

Now comes Plaintiff, by and through counsel, and hereby demands that a jury hear the above case.

Respectfully submitted,

**Kemp, Schaeffer & Rowe Co., LPA**

By: /s/ Erica Ann Probst
Erica Ann Probst (0073486)
**Attorney for Plaintiff**
88 West Mound Street
Columbus, Ohio 43215
Telephone: (614) 224-2678
Facsimile: (614) 469-7170
Erica@ksrlegal.com

00253786-1

EEOC Form 161 (11/16)     U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Hannah Cotton
181 N. 18th
Columbus, OH 43203

From: Indianapolis District Office
101 West Ohio St
Suite 1900
Indianapolis, IN 46204

☐    *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 22A-2019-01046 | Jeremy A. Sells, State & Local Coordinator | (317) 226-7221 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☐ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☒ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

*Michelle Eisele*      May 9, 2019

Enclosures(s)      **Michelle Eisele, District Director**      *(Date Mailed)*

cc: STATE OF OHIO, DRC
Attn: George Lopez
4545 Fisher Road
Columbus, OH 43228

Erica A. Probst
Kemp, Schaffer & Rowe
88 West Mound St.
Columbus, OH 43215

Enclosure with EEOC
Form 161 (11/16)

# INFORMATION RELATED TO FILING SUIT
# UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS** -- **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS** -- **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice **and** within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION** -- **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do **not** relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE** -- **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*